SIMMONS *v.* THE STATE.

CRIMINAL LAW.    AIDING ESCAPE.

That a person confined in jail, after effecting an exit from his own
cell into a common hall, used a saw upon· the fastenings 'of the
door to the cell of a fellow-prisoner in such a way as to indicate a
purpose to open that door, is evidence enough to convict him on
an indictment for aiding such fellow-prisoner to escape, the stat-
ute declaring that the offence may be complete whether the
escape be actually effected or not.   Code, ₴4482.

December 7, 1891.              ·            *Judgment affirmed.*

Before Judge RONEY.   Columbia superior court.   Sep-
tember term, 1890.

TWIGGS & VERDERY, for plaintiff in error.
BOYKIN WRIGHT, solicitor-general, *contra.*

---

FRANKLIN *v.* WIGGINS.

VERDICT.    PRACTICE.

1. It is not cause for setting aside a verdict and declaring a mistrial
   that, while the jury was out, the court formally adjourned for the
   night, and during the recess, the jury agreed upon a verdict,
   sealed it up and returned into court with the same, the judge be-
   ing present, but counsel for the losing party not ·being present
   and having given no consent that the verdict should be returned
   during the recess; and the jury being dispersed, the verdict re-
   mained sealed and unpublished until next morning, and then,
   by direction of the court in open court, the envelope containing
   the verdict was opened and the verdict published.   The reception
   of the verdict in this mode was irregular, but so far as matter of
   substance is concerned, the verdict was received in open court.
2. No other question being insisted upon in the brief of counsel for
   the plaintiff in error or in his argument at the bar, the judg-
   ment is               .                *Affirmed.*

December 7, 1891.

Before Judge RONEY.   Burke superior court.   May
term, 1891.

TWIGGS & VERDERY and H. R. DANIEL, for plaintiff,
cited Code, §3567.

88  169|
Case 2  |
e118 551|