### 25124, 25125.   ABLES v. THE STATE.

BROYLES, C. J.   1. "Any person who shall aid or assist a prisoner lawfully committed or detained in jail for any offense against this State, or under any civil process, to make his escape from jail, whether such escape be actually effected or not, or any person who shall convey or cause to be delivered to such prisoner any disguise, instrument, or arms, proper to facilitate the escape of such prisoner, shall be punished by confinement and labor in the penitentiary for not less than one year nor more than four years." Code 1933, § 26-4505. In each of these cases the evidence amply showed that the defendant brought several hack-saw blades into the jail of Floyd County for the purpose of aiding the prisoner named in the indictment, who was then being lawfully detained in the jail, to escape therefrom. The indictment was substantially in the language of the foregoing Code section, and charged that the defendant did unlawfully aid and assist the named prisoner to make his escape from jail. The evidence disclosed that this prisoner did not actually escape from the jail, although several bars in the jail were sawed through, and several other prisoners escaped from their cells. Under the peculiar language of the statute, supra, there was no variance between the allegations of the indictment and the proof. The Supreme Court in Simmons v. State, 88 Ga. 169 (14 S. E. 122), said:   "That a person confined in jail, after effecting an exit from his own cell into a common hall, used a saw upon the fastenings of the door to the cell of a fellow-prisoner in such a way as to indicate a purpose to open the door, is evidence enough to convict him on an indictment for aiding such fellow-prisoner to escape, the statute declaring that the offense may be complete whether the escape be actually effected or not."   (Italics ours.)

2. The verdict in each case was authorized by the evidence, and the special grounds of the motions for new trial are without substantial merit.

Judgments affirmed. MacIntyre and Guerry, JJ., concur.

DECIDED NOVEMBER 27, 1935.

*H. L. Lanham, Chastine Parker,* for plaintiff in error.
*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.